IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-86-FL

| | | |
|---|---|---|
| JACKIE BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CUMBERLAND COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (DE 11). The issues raised have been fully briefed and are ripe for ruling. For the reasons set forth more specifically herein, the court denies defendant's motion.

## BACKGROUND

Plaintiff initiated this suit by complaint filed February 18, 2014. (DE 1). In her complaint, plaintiff alleges that defendant Cumberland County, North Carolina, violated Title III of the Americans with Disabilities Act ("ADA"), codified as 42 U.S.C. § 12181 *et seq*, by failing to provide accessible facilities at the Cumberland County Crown Coliseum Complex ("Crown Complex"), a property owned by defendant. (Compl. ¶10). Plaintiff seeks an injunction compelling defendant's compliance with the ADA. (Id. ¶¶13-16).

Plaintiff suffers from multiple sclerosis. (Id. ¶5). As a result of her condition, plaintiff experiences difficulty walking and must use a wheelchair. (Id. ¶¶4-5). As pertinent to plaintiff's ADA claim, she has visited the Crown Complex on a number of occasions, most recently in

November 2013. (Id. ¶5-6). On these occasions, plaintiff contends she was unable to find wheelchair accessible seating, was unable to open several of the doors while seated in her wheelchair, and encountered excessive slopes when entering the buildings that constitute the Crown Complex. (Id. ¶6). Furthermore, plaintiff submits that she has encountered certain barriers in both parking lots and restrooms at the Crown Complex. (Id.). Plaintiff alleges that all such barriers or impediments are capable of complete remediation, or, in the alternative, that they feasibly can be abated to some degree. (Id. ¶14).

On July 16, 2014, defendant filed the instant motion to dismiss. (DE 11). Therein, defendant argues the substantive allegations in the complaint fail to meet the pleading standard under Federal Rule of Civil Procedure 8(a). Specifically, defendant contends the complaint contains mere conclusory statements devoid of any factual support. (DE 12, at 3-4). On December 10, 2014, following briefing of defendant's motion and pending resolution of the same, the court stayed all discovery.

**DISCUSSION**

**A.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the

2

pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

**B.     Analysis**

Title III of the ADA provides, in relevant part, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Further, discrimination is defined as "a failure to make reasonable modifications that are necessary to provide a disabled individual with such goods, services, facilities, privileges, advantages, or accommodations." Id. § 12182(b)(2)(A)(ii).

Although the Fourth Circuit has not addressed the elements of the cause of action under Title III, § 12182 and case law from other circuits are instructive. To state a claim under Title III, plaintiff must allege: (1) that she is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against her by denying her a full and equal opportunity to enjoy services provided at such place of public

3

accommodation.  See 42 U.S.C. § 12182(a); see also Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008); Acey v. Bob Evans Farms, Inc., No. 2:13-CV-04916, 2014 WL 989201, at *7 (S.D. W. Va. Mar. 13, 2014).

Here, defendant argues that plaintiff has not alleged sufficient facts to support element three, denial of a full and equal opportunity to enjoy services provided at the Crown Complex.  Viewing the allegations contained in the complaint in the light most favorable to plaintiff, the court cannot conclude that the complaint fails to state a claim upon which relief may be granted.  In particular, paragraph six of the complaint contains specific factual allegations regarding the manner in which defendant's alleged failure to comply with the ADA has impacted plaintiff.[1]  Plaintiff alleges that she was unable to find wheelchair accessible seating, unable to open certain doors, faced with excessive slopes when entering and exiting the various buildings that constitute the Crown Complex, and has experienced difficulty using the restroom facilities at the Crown Complex due to difficulty maneuvering her wheelchair as a consequence of their small size.  (Compl. ¶6).

Defendant argues that the allegations contained in paragraph six are mere legal conclusions that are vaguely and "craftily" alleged to give the appearance of sufficiency.  (See DE 12, at 4). While plaintiff's allegations are brief and do not state all the relevant facts, there is no requirement plaintiff provide "detailed factual allegations."  Nemet Chevrolet, 591 F.3d at 256.  Here, plaintiff has done all that is required under the relevant case law.  She has provided sufficient factual allegations, taken as true, to raise a reasonable expectation that discovery will reveal the evidence

---

[1]Defendant also directs the court's attention to paragraph ten of the complaint.  But, as paragraph six contains sufficient facts to state a claim upon which relief may be granted, the court does not reach defendant's argument. However, the court notes, as many other courts faced with similar allegations have, that allegations based on "preliminary inspection," (Compl. ¶10), without a factual nexus connecting those allegations to the plaintiff are troublesome.  Nat'l Alliance for Accessibility v. Big Lots Stores, Inc., No. 5:12-CV-349-D, 2013 WL 1452928, at *2 (E.D.N.C. Apr. 9, 2013).

required to prove her claim.  See Twombly, 550 U.S. at 556.  Accordingly, defendant's motion is denied.

## CONCLUSION

For the reasons stated herein, defendant's motion for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) is DENIED.  (DE 11).  Stay is LIFTED.  The parties are DIRECTED to confer within the next 21 days and thereafter submit to the court their Rule 26(f) joint report and plan.

SO ORDERED, this the 12th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge